131 Mich. App. 98 (1983)
345 N.W.2d 655
FARM BUREAU MUTUAL INSURANCE COMPANY
v.
HORACE MANN INSURANCE COMPANY
Docket No. 61748.
Michigan Court of Appeals.
Decided December 19, 1983.
Nelson & Kreuger (by Steven L. Krueger), for plaintiffs.
Rhoades, McKee & Boer (by Michael W. Betz), for defendants.
Before: R.M. MAHER, P.J., and GRIBBS and K.N. SANBORN,[*] JJ.
R.M. MAHER, P.J.
Plaintiffs Farm Bureau Mutual Insurance Company and Paul Callog appeal from the trial court's order granting summary judgment, GCR 1963, 117.2(1), in favor of defendant Horace Mann Insurance Company.
Plaintiffs filed a complaint for a declaratory judgment seeking a determination of the duties of the parties with respect to Callog, the insured. Defendant Deloris Curtis, individually and as next friend of Harold Curtis, had filed a suit against the Cassapolis School District, the district's superintendent, the principal of Ross Beatty High School *100 and Callog, a teacher, for injuries sustained by Harold Curtis while taking part in a shop class.
At the time of the accident, Callog was an insured under two separate policies. Horace Mann insured Callog as a member of the Michigan Education Association under a policy providing coverage limits of $750,000 per occurrance. Farm Bureau insured Callog as an employee of the school district under a policy having a limit of $500,000 per occurrence. Each policy contains an "other insurance" clause whereby each company limits the availability of its coverage where other insurance is applicable to the same claim. The Horace Mann policy provides:
"This policy does not apply to any claim made or suit brought against the insured which is insured by another valid policy or policies, whether primary or excess, nor shall the Company be liable to make any payment in connection with any such claim or suit."
The above provision is commonly known as an "escape clause". See Appelman, Insurance Law and Practice, § 4910, p 457-458. The Farm Bureau "other insurance" clause provides in pertinent part:
"This insurance is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the Company's liability under this policy shall not be reduced by the existence of such other insurance.
"When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the Company will not be liable under *101 this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

* * *
"Contribution by Limits: * * * [T]he Company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss."
The above "other insurance" provision is a "pro rata clause". See Appleman, supra, § 4908, p 372.
After filing its complaint for declaratory judgment, Farm Bureau moved for summary judgment, GCR 1963, 117.2(1). Horace Mann also moved for summary judgment. The trial court granted Horace Mann's motion, holding that the Farm Bureau policy provides primary coverage for the loss of its insured.
The sole issue on appeal is whether the trial court erred in granting Horace Mann's motion for summary judgment.
Both parties agree that either of the policies would cover the loss if the other did not exist. Horace Mann argues that its escape clause should govern and that, since the Farm Bureau policy is a valid policy covering the claim, Horace Mann is not liable to pay the claim. Farm Bureau maintains that its pro-rata clause governs and that, since the Horace Mann policy applies to the loss, Farm Bureau is responsible only for its proportionate share of the loss. We must decide which insurer is primarily liable or whether both are proportionately responsible.
Although the issue has not been addressed before by Michigan courts, the courts of other jurisdictions have considered the proper treatment of a conflict between the "other insurance" clauses of two applicable insurance policies. In Union Ins Co *102 (Mutual) v Iowa Hardware Mutual Ins Co, 175 NW2d 413, 416 (Iowa, 1970), the court listed several of those approaches:
"At first the `prior-in-time' theory was applied by which liability was imposed upon the insurer whose policy was earliest in time. * * * That method was soon criticized as arbitrary, being one of convenience rather than reason, and because the time of coverage is not as significant as the vital fact that coverage existed when the accident occurred. Most courts have abandoned this method. Other tribunals have resolved such cases by determining identity of the primary tort-feasor and directness of his relationship to the insurer. Liability under such method rested upon the insurer whose named insured, as distinguished from an additional insured, is the tort-feasor. This too has been declared arbitrary and rejected by most courts. * * * It would deny coverage for an unnamed or additional insured even though the insurer intended to protect him as an insured. Another method employed in an effort to reconcile double insurance clauses has been that of determining which of two `other insurance' provisions is the more specific in its restriction, then giving it effect over the general." (Citations omitted.)
As the court indicated, the listed approaches have been discredited. A majority view, however, has emerged. The cases representing that view generally involve a conflict between a clause providing that, where other insurance is available, coverage will be afforded only in excess of that policy's limit  an "excess clause"  and another "other insurance" clause. The majority view attempts to divine the intent of the parties, General Ins Co of America v Rocky Mountain Fire & Casualty Co, 70 Wash 2d 384, 387; 423 P2d 537, 539 (1967), and concludes that excess coverage is not other valid collectible insurance. Thus, the excess clause controls.
*103 The majority view has been criticized as circular. Union Ins Co (Mutual) v Iowa Hardware Mutual Ins Co, supra, p 417. The present case provides an apt illustration of that criticism. Both policies provide primary coverage. Reading the Horace Mann policy first, one could argue that the Farm Bureau policy is a "valid policy" under the escape clause with the result that, pursuant to that clause, Horace Mann has no liability. However, a different result is produced by reading the Farm Bureau policy first. Under its pro-rata clause, one might argue that the Horace Mann policy applies to the loss and, thus, under that clause both insurers are responsible for their proportionate share of the loss. As the court said in Union Ins Co (Mutual), supra, p 417:
"To solve the problem by picking up one policy, and reading it with a result which would be opposite to that reached if the other policy were first in order, is at best a pseudo-solution in that it only aggravates a circular riddle."
The majority view attempts to resolve an intractable conflict. That is not possible. We recognize "the absurdity of attempting to assume that where conflicting `other insurance' provisions exist by reason of overlapping coverages of the same occurrence the provisions of one policy must yield to the provisions of the other". Lamb-Weston, Inc v Oregon Automobile Ins Co, 219 Or 110, 128; 341 P2d 110, 118-119 (1959). Courts which have arrived at that conclusion represent the minority view. See Union Ins Co (Mutual), supra; Westhoff v American Inter-Ins Exchange, 250 NW2d 404 (Iowa, 1977); Sparling v Allstate Ins Co, 249 Or 471; 439 P2d 616 (1968). Under that approach, the conflicting "other insurance" clauses are declared *104 "repugnant" and are "rejected in toto". Lamb-Weston, Inc v Oregon Automobile Ins Co, supra, p 129. Once the conflicting clauses are disregarded, both policies clearly provide coverage. Each insurer's liability is then prorated based on the proportion of the combined policy limits represented by the limits of each insurer's policy.
We adopt the minority view. The escape clause of the Horace Mann policy and the pro-rata clause of the Farm Bureau policy conflict and must be rejected. Liability for the insured's claim must be prorated between the insurers.
We conclude that the trial court erred in granting Horace Mann's motion for summary judgment. The judgment is reversed.
Reversed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.