Marion M. WINSTEAD, et al.,
Plaintiffs–Appellants,

v.

INDIANA INSURANCE COMPANY, a foreign corporation,
Defendant–Appellee.

No. 87–2437.

United States Court of Appeals,
Seventh Circuit.

Argued March 30, 1988.

Decided Aug. 22, 1988.

William J. Nellis, Central States Health and Welfare Fund, Chicago, Ill., for plaintiffs-appellants.

Philip R. King, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendant-appellee.

Before CUDAHY, RIPPLE and MANION, Circuit Judges.

CUDAHY, Circuit Judge.

The plaintiffs-appellants are trustees of the Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Fund"), a multi-employer, self-insuring trust fund governed by the Employment

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The defendant-appellee, Indiana Insurance, is an insurance company authorized to sell its policies in the State of Michigan. On August 31, 1985, Renee Crampton, insured by both the Fund and Indiana Insurance, was injured in an automobile accident in Jackson County, Michigan. As a result, Crampton required medical treatment and hospitalization; the costs of these services were paid in good faith by the Fund. Subsequently, the Fund filed this lawsuit to have Indiana Insurance declared primarily liable for Crampton's coverage and to obtain reimbursement for those amounts already paid on Crampton's behalf. The parties cross-moved for summary judgment and the district court held that liability should be apportioned *pro rata.* We affirm.

## I.

At the time of her accident, Crampton was insured by the Fund pursuant to a collective bargaining agreement covering her husband and funded by his employer. She was also covered by a no-fault auto insurance policy mandated by Michigan law and underwritten by Indiana Insurance. Both policies covered the medical expenses resulting from the accident and both contained a "coordination of benefits" provision providing that any "other" insurance plan covering the insured would be primarily liable for any medical or other health-related expenses she might incur.[1]

The Fund disclaims liability based upon the priority of coverage clause in its plan document. That provision reads, in pertinent part:

Section 11.05 *PRIORITY OF COVER-AGE WHERE COVERED INDIVIDU-AL COVERED BY AN OTHER PLAN AS DEFINED IN SECTION 1.42(f)*

(a) An Other Plan, as defined in Section 1.42(f), shall have primary responsibility for providing benefits. The above

designation of an Other Plan as defined in Section 1.42(f) as primary shall prevail over any state or local law or regulation or provision in such Other Plan inconsistent therewith or contrary thereto.

In turn, Section 1.42(f) of the Fund plan defines an "Other Plan" to include any:

Automobile, motorcycle or other motor vehicle insurance coverage authorized by law to provide benefits to or for a Covered Individual for bodily and psychological injury, including but not limited to, related hospital, surgical, dental and other medical expenses, which expenses are also covered by this Plan, and which insurance coverage was issued in conformity with "no-fault" type or "personal injury protection" type laws or other similar state or local laws or regulations.

On the basis of these provisions, the Fund moved for summary judgment, arguing that in the circumstances of this case federal ERISA law should be held to preempt state law. Accordingly, the Fund's "other insurance" clause would render it the insurer of last resort, thus limiting its liability to only those expenses left uncovered by Crampton's other insurance policies.

Indiana Insurance also moved for summary judgment, based upon the "other insurance" clause in its no-fault auto insurance contract. That provision states that under policies such as Crampton's (denominated "secondary med/wage") medical expenses are not covered "to the extent similar benefits are paid or payable under any other insurance, service, benefit or reimbursement plan...." Indiana Insurance argued that, in the absence of controlling federal case law, when an "other insurance" clause of a non-ERISA automobile policy providing medical benefits conflicts with a similar clause in an ERISA insurance policy, federal courts should look to state law for the appropriate rule of deci-

---

1. Although Michigan law required Crampton to obtain no-fault coverage, she remained free to choose between a lower premium policy containing a "coordination of benefits" provision and a policy with slightly higher premiums without such a provision. *See infra* p. 433.

The latter coverage is more expensive because it permits an insured to recover the entire amount of loss from the insurer, not just what is left unpaid by any other coverage considered "primary."

sion. Predictably, Indiana Insurance asserted that in these circumstances Michigan law—the law of the state where its policy was written and where the insured was domiciled—should govern. Moreover, the company cited a recent Michigan Supreme Court case, *Federal Kemper Insurance Co. v. Health Insurance Administration, Inc.*, 424 Mich. 537, 383 N.W.2d 590 (1986), which held that in the event "other insurance" provisions conflict, the health benefits insurer (here, the Fund) is to be deemed primarily liable to provide coverage.

The district court initially agreed with the Fund, holding that to the extent Michigan law would have the effect of imposing higher benefit levels than the Fund would otherwise provide, ERISA preempts Michigan law. The court went on, however, to reject as "unconvincing" the Fund's argument that, *a fortiori*, the contested provision of Crampton's insurance contract with Indiana Insurance was encompassed within the scope of ERISA preemption and thereby automatically rendered unenforceable. Instead, faced with two equally viable but conflicting "other insurance" clauses, the court declared them to be mutually repugnant and, guided by *federal* common law, held both insurers liable on a *pro rata* basis.

## II.

■ On appeal, the Fund once again argues that federal ERISA law preempts the Indiana Insurance policy. To the extent that the latter's provisions conflict with the terms of the Fund's coverage, the terms and conditions of the Fund policy must be enforced. However, the district court rejected the Fund's broad construction of ERISA preemption, explaining that by its own terms ERISA was designed only to supersede "any and all *State laws* insofar as they may now or hereafter relate to any employee benefit plan." (Emphasis supplied). *See* 29 U.S.C. § 1144(a). *See also Fort Halifax Packing Co., Inc. v. Coyne*, —— U.S. ——, 107 S.Ct. 2211, 2217, 96

L.Ed.2d 1 (1987) (although state laws mandating benefit payments "relate to" employee benefits *plans* and are thus preempted, the mere fact that a state law pertains to a type of employee *benefit* does not require that the law therefore must be preempted). We agree with the conclusion of the district court that the relevant provision of the Indiana Insurance policy is not rendered void merely as the result of Crampton's concurrent ERISA coverage.

The decision to purchase insurance coverage in addition to ERISA coverage featuring an "other insurance" clause is a decision which undoubtedly affects the Fund's potential liability for benefits payments and is, therefore, a decision that "relates to" an ERISA benefits plan. *Id.* Crampton's decision to so proceed, however, was a private contractual matter between her and Indiana Insurance; it was in no way compelled by state law. As the district court properly concluded, nothing in ERISA suggests that individuals are barred from acting as Crampton did in insuring themselves. In fact, a state's ability to facilitate such private choice has been held by the Supreme Court, albeit implicitly, *not* to be preempted by ERISA. *See Metropolitan Life Insurance Company v. Massachusetts*, 471 U.S. 724, 756–58, 105 S.Ct. 2380, 2397–99, 85 L.Ed.2d 728 (1985). Michigan law requires nothing more of companies licensed to underwrite insurance within the state than that they *offer* reduced premium policies with coordination of benefits clauses to those insureds already covered by other health and accident coverage. Mich.Comp.Laws § 500.3109a. The choice to avail oneself of such a policy is strictly a personal one, and thus a matter that ERISA did not intend to preempt.

■ Having excluded the possibility that ERISA preemption causes the Fund's coordination of benefits provision to supersede the Indiana Insurance policy, the district court turned to federal common law to determine which insurer qualified as Crampton's primary coverage provider.[2]

2. Although the district court relied upon what it termed "federal common law," the court was in

reality fashioning federal common law from

The court's analysis followed the approach taken by the Third Circuit in the only other case in which a federal court arguably reached the issue of apportioning liability between an ERISA policy and a non-ERISA policy containing incompatible "other insurance" provisions.[3] In *Northeast Dept. ILGWU v. Teamsters Local 229*, 764 F.2d 147 (3d Cir.1985), the Third Circuit was presented with two different types of conflicting "other insurance" clauses, one of which the court held unenforceable as a matter of law. Thus, *Northeast Dept. ILGWU* never actually addressed the issue of how to choose between two truly conflicting and equally viable "other insurance" clauses. A footnote to the decision, however, indicates that "other courts faced with incompatible 'other insurance' clauses have frequently declared the clauses to be 'mutually repugnant' and have held both insurers primarily liable for the insured's loss on a pro-rata basis. *See* 8A Appleman, Insurance Law and Practice § 4910, at 477." *Northeast Dept. ILGWU*, 764 F.2d at 161 n. 13. *See also* 16 *Couch on Insurance* §§ 62:79–62:81 (2d ed.). Application by the district court in this case of such a solomonic apportionment of liability is not only in keeping with generally accepted notions derived from state common law, *see* Appleman and Couch, *supra*, but seems eminently fair and equitable.

■ An additional issue remains to be resolved. In its brief on appeal, Indiana Insurance asks us to reverse that part of the district court's determination finding it liable for half of Crampton's benefits. As authority for its request, Indiana Insurance cites *Northern Group Services, Inc. v. Auto Owners Insurance Co.*, 833 F.2d 85 (6th Cir.1987), *cert. denied* —— U.S. ——, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988), which held that ERISA did not preempt Michigan's no-fault insurance scheme and its attendant coordination of benefits component.[4] Fortunately, we need not parse the confusing and, at times, self-contradictory clauses of ERISA[5] nor engage in an analysis of the Sixth Circuit's decision in *Northern Group Services* because Indiana Insurance may not raise the preemption issue on appeal.

■ Indiana Insurance failed to file a cross-appeal here. While it is well-settled that an appellee need not file a cross-appeal in order to argue different grounds to support an affirmance, *see Washington v. Lane*, 840 F.2d 443, 445–46 (7th Cir.1988),

---

what has evolved generally in the states as the common law in similar circumstances.

**3.** While other federal courts have been presented with the general question whether and under what circumstances a coordination of benefits clause in an ERISA policy nullifies a similar clause in a non-ERISA policy, our research suggests that no court has actually decided how to apportion liability between two such policies when both their respective "other insurance" provisions are found to be viable and enforceable.

**4.** In *Northern Group Services,* the Sixth Circuit analyzed the Michigan no-fault law in terms of ERISA's preemption provisions and concluded that the federal statute did not preempt the state law. First, the court held that to the extent the Michigan statute required coordination of benefits clauses, it was preempted because such clauses "related to" ERISA benefits plans. *See* 29 U.S.C. § 1144(a). Next, the court found that because the Michigan statute could be construed to "regulate insurance" it was within ERISA's "savings clause," which provides (with an exception created by the "deemer clause") that preemption does not apply to state laws which merely "regulate" insurance. *See* 29 U.S.C. § 1144(b)(2)(A). Finally the court found that ERISA's "deemer clause," providing that employee benefit plans are *not* to be "deemed" to be insurance companies for purposes of any state law purporting to regulate insurers or insurance, *see* 29 U.S.C. § 1144(b)(2)(B), did not operate to preempt Michigan's statute. The court held that the "deemer" clause could only override the "savings" clause if there were some ERISA-related interest in federal uniformity outweighing the interest articulated by Congress in the McCarran–Ferguson Act, 15 U.S.C. § 1011 *et seq.,* in favor of state regulation of insurance. Because the Sixth Circuit could discern no federal interest in a unified federal common law to govern conflicting "other insurance" clauses, *Northern Group Services* held that the "deemer" clause was inapplicable to the Michigan statute and thus the statute remained saved by the "savings" clause.

**5.** The Supreme Court has observed that ERISA's preemption provisions "are not a model of legislative drafting." *Metropolitan Life Insurance Co.,* 471 U.S. at 739, 105 S.Ct. at 2389; *see also MacLean v. Ford Motor Co.,* 831 F.2d 723, 726 (7th Cir.1987).

the filing of a cross-appeal *is* required where an appellee seeks alteration of a judgment rendered in whole or in part in its favor. *Jordan v. Duff and Phelps, Inc.,* 815 F.2d 429, 439 (7th Cir.1987). Consequently, Indiana Insurance is not entitled to relief in this court from that portion of the district court's judgment finding it partially liable for Crampton's benefits.

 Similarly, whether or not the Sixth Circuit's preemption analysis in *Northern Group Services* is correct, Indiana Insurance has waived arguments derived from that analysis for purposes of this appeal by failing to advance them in the district court. *See e.g., Johnson v. Artim Transportation System, Inc.,* 826 F.2d 538, 547 (7th Cir.1987). In the district court Indiana Insurance argued that state (Michigan) law ought to provide the rule of decision in this case *not* because ERISA did not preempt state law but because there was no applicable federal common law on which the court could rely. Indiana Insurance now contends that it felt constrained from contesting the preemption issue in the district court for fear that it might thereby incur Rule 11 sanctions; this seems a weak explanation. It is true that at the time the Fund brought this lawsuit federal case law (all of it from district courts) addressing ERISA preemption of non-ERISA "other insurance" clauses was apparently unanimously adverse to Indiana Insurance. But none of these cases, all from district courts outside the Seventh Circuit, could be said to control the decision of a district court in this case. And also, there were no decisions on point in the Seventh Circuit when this case was before the district court. It is most unlikely that a district court faced with an issue of first impression in its own circuit would impose Rule 11 sanctions on a party who, while recognizing adverse precedent elsewhere, nevertheless urged the court to find differently. Indiana Insurance's waiver of the preemption issue below thus ought not to be excused. In any event, it is by no means clear that we would follow *Northern Group Services* should the question be presented.

### III.

In conclusion, we hold that the district court correctly found: (i) that ERISA does not preempt and thereby did not render unenforceable the "other insurance" provision contained in Renee Crampton's no-fault policy; (ii) that the Fund's and Indiana Insurance's coordination of benefits clauses should be declared mutually repugnant; and (iii) that the contested liability be apportioned *pro rata.*

AFFIRMED.