what dependency means in its description of "Dependent Survivors" under its plan:

3. **"Dependent Survivors"** means:
   a. the surviving spouse of the deceased injured person...
   b. a child of the deceased **injured person**...
   The child is dependent only while:
      i. under 18 years of age;
      ii. mentally or physically incapacitated from earning; or
      iii. engaged in full-time, formal program of academic or vocational education or training.

Based on Allstate's own definition, Matthew does not qualify as a "Dependent" under the Allstate policy. Thus, the district court did not err in categorizing Matthew as "a person other than a Dependent" under the Great-West plan. As a consequence of that categorization, the district court was correct in subordinating Great-West's plan to Allstate's in this case.

IV.

Accordingly, we AFFIRM the district court's grant of summary judgment in favor of Great-West.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0045P (6th Cir.)
File Name:  00a0045p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY,
　　　*Plaintiff-Appellee,*

　　　*v.*

ALLSTATE INSURANCE COMPANY,
　　　*Defendant-Appellant.*

No. 99-1068

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 98-00325—Gordon J. Quist, District Judge.

Argued:  November 5, 1999

Decided and Filed:  February 7, 2000

Before:  MARTIN, Chief Judge; DAUGHTREY, Circuit Judge; KATZ, District Judge.[*]

---

[*] The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

———————————

**COUNSEL**

**ARGUED:** Daniel S. Saylor, GARAN, LUCOW, MILLER, SEWARD, COOPER & BECKER, Detroit, Michigan, for Appellant. James P. Murphy, BERRY, MOORMAN, KING, COOK & HUDSON, Detroit, Michigan, for Appellee. **ON BRIEF:** Daniel S. Saylor, GARAN, LUCOW, MILLER, SEWARD, COOPER & BECKER, Detroit, Michigan, John P. Seyfried, GARAN, LUCOW, MILLER, SEWARD, COOPER & BECKER, Port Huron, Michigan, for Appellant. James P. Murphy, BERRY, MOORMAN, KING, COOK & HUDSON, Detroit, Michigan, for Appellee.

———————————

**OPINION**

———————————

DAVID A. KATZ, District Judge.  In this dispute over which plan has priority over payment of medical expenses arising from an automobile accident, Allstate Insurance Company ("Allstate") appeals the district court's grant of summary judgment in favor of Great-West Life & Annuity Insurance Company ("Great-West").  For the reasons stated below, we affirm the district court's decision.

I.

On February 25, 1996, Matthew Gerig was seriously injured in a single vehicle automobile accident and incurred extensive medical expenses.  At the time of the accident, Matthew was 20 years old and residing with his parents, Doyle and Linda Gerig.  Matthew was covered by a policy of no-fault automobile insurance[1] issued to his parents by Allstate.  In addition,  Matthew was covered  under an

———————————

[1]The policy was issued pursuant to Michigan's No-Fault Insurance Act, Mich. Comp. Laws § 500.3101 *et seq.*

- who has not reached age 21; and
- who is not married; and
- who is chiefly dependent upon you for support; and
- for whom you are entitled to an income tax exemption.

In addition, the age limitation does not apply to children who are full-time students or who are incapable of supporting themselves due to mental retardation or a physical disability.

In interpreting ERISA contract provisions, we have noted that such interpretations are made "according to their plain meaning, in an ordinary and popular sense." *Perez v. Aetna Life Ins. Co.,* 150 F.3d 550, 556 (6th Cir. 1998) (en banc).  We, therefore, apply a plain meaning analysis to construction of the provision.  Matthew clearly falls under the designation of **Dependent** as contemplated in Great-West's integration of benefits clause.  He is 20 years old, not married, and chiefly dependent on his parents for support.  Thus, in regard to dependents such as Matthew, the Great-West plan intended to subordinate its coverage to a no-fault insurer such as Allstate.

Allstate does not contest the district court's finding that Matthew qualifies as a **Dependent** of his father under the Great-West plan.  Where Allstate disagrees, however, is with the district court's interpretation of the term "resident relative", described in the Allstate coordination of benefits clause, as distinguishable from the term "Dependent" in the Great-West plan.  Allstate argues that the  term "resident relative" in the Allstate plan is not distinguishable from the term "Dependent" in the Great-West plan, and therefore Matthew qualifies as a "Dependent" under Great-West's definition of that term.  Thus, according to Allstate, Matthew should not be treated by the court as "a person other than as a **Dependent"** under the Great-West integration of benefits clause.  We disagree.

The term "resident relative" under the Allstate plan does not mean the same thing as the term "Dependent" under the Great-West plan.  In fact, Allstate's Definitions under Part III Personal Protection Benefits Coverage VA, detail exactly

## II.

On an appeal from summary judgment, we review the district court's judgment *de novo. Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir. 1997).

## III.

This appeal presents a question of federal common law that stems from a dispute between two insurers, one of which qualifies as an employee welfare benefit plan under the Employment Retirement Income Security Act of 1974 ("ERISA"). At issue is the extent to which conflicting coordination of benefits clauses affect the relative liability of the parties.

The federal common law rule applicable to resolve priority of coverage disputes between a self-funded ERISA-qualified employee benefit plan and a traditional insurance policy dictates that a conflict between the two carriers will be resolved in favor of the ERISA plan. *Auto Owners Insurance Co. v. Thorn Apple Valley, Inc.,* 31 F.3d 371, 374 (6th Cir. 1994), *cert. den.*, 513 U.S. 1184, 115 S.Ct. 1177, 130 L.Ed.2d 1129 (1995). In such a situation involving conflicting coordination of benefits provisions, the terms of the ERISA plan, including its COB clause, must be given full effect. *Id.* However, this consideration does not necessarily mean that the ERISA plan must prevail. *Auto Club Ins. Ass'n v. Health and Welfare Plans, Inc.,* 961 F.2d 588, 593 (6th Cir. 1992). There still exists here the issue of which of two apparently valid insurance policies, containing what would appear to be irreconcilable "other insurance" clauses, is liable for payment of the insured's medical expenses.

In this particular case, the coordination of benefits provisions in the Great-West plan and the Allstate no-fault policy may conflict to some degree, but are not irreconcilable. Under the Great-West plan, "[a] plan that covers a person other than as a **Dependent** will determine its benefits before a plan that covers such a person as a **Dependent**." Great-West defines the term Dependent as a child:

ERISA-qualified employee benefit plan administered by Great-West, by virtue of his father's employment with the Prince Corporation.

Both policies contain a coordination of benefits ("COB") clause. The policy under Great-West provides in pertinent part:

**INTEGRATION OF BENEFITS (IOB)**

The IOB provision is used when a person has health coverage for the same expenses under two or more of the plans listed below. Should this type of duplication occur, the benefits under this Plan will be directly reduced by the amounts payable for the same expenses provided by the other plans so that the total benefits from all plans will not exceed the amount payable under this Plan.

The benefits provided by the plans listed below are considered in determining duplication of coverage:

- This Plan;

- Any other group insurance or prepayment plan...

- Any individual automobile "no-fault" insurance plan.

**ORDER OF BENEFIT DETERMINATION**

Certain rules are used to determine which of the plans will pay benefits first. This is done by using the **first** of the following rules which applies:

- A plan with no IOB or Co-ordination of Benefits (COB) provision will determine its benefits before a plan with an IOB or COB provision.

- A plan that covers a person other than as a **Dependent** will determine its benefits before a plan that covers such person as a **Dependent**.

- When a claim is made for a **Dependent** child who is covered by more than one plan: . . .

- A plan that covers a person as:
  - a laid-off **Employee**; or
  - a **Retired Employee**; or
  - a **Dependent** of such **Employee**;

  will determine its benefits **after** the plan that does not cover such person as:
  - a laid-off **Employee**; or
  - a **Retired Employee**; or
  - a **Dependent** of such **Employee**.

  If one of the plans does not have this rule, and if, as a result, the plans do not agree on the order of benefits, this rule will not apply.

- If none of the above rules establishes the order of payment, a plan which the person has been covered for the longer time will determine its benefits before a plan covering that person for a shorter time.

Under the Allstate policy, the COB clause provides as follows:

**Coordination of Benefits**
**1.** If Allowable Expenses are identified as excess on the declarations page, Allowable Expenses benefits will be reduced by any amount paid or payable under the provisions of any:
a) individual, blanket or group accident disability or hospitalization insurance.
b) medical or surgical reimbursement plan.
c) automobile no-fault benefits or medical expense benefits, or premises insurance affording medical expense benefits.

This reduction applies only to amounts that are duplication of payment for the same items of loss or expense. This reduction applies only to **you** or a **resident relative**.

If Allowable Expenses are identified as excess on the declarations page, the **injured   person** must seek treatment afforded for, or payable by his other coverage before **we** will be liable for any excess not paid for by such other coverage. **You** have a duty to mitigate **your** damages.

Following submission of the claim to the employee benefit plan, Great-West administered payments of nearly $500,000 for the medical expenses related to Matthew's accident. Great-West then sued Allstate for recovery of those expenditures on the basis of its contention that Allstate is first in priority for payment of Matthew's medical expenses pursuant to its integration of benefits provision. Both parties submitted motions for summary judgment.

On December 8, 1998, after the parties waived oral argument, the district court issued an order granting Great-West's motion for summary judgment and denying Allstate's motion for summary judgment. The court determined that the rule pertaining to the "Order of Benefit Determination" of Great-West's integration of benefits provision – stating that "a plan that covers a person other than as a Dependent will determine its benefits before a plan that covers such a person as a Dependent"– resolved the priority dispute in favor of Great-West. The Allstate plan, in other words, covered Matthew as a "resident relative," while the Great-West plan covered him as a Dependent, thus making Allstate's coverage primary.[2]

Allstate filed a timely notice of appeal to this Court on January 7, 1999.

---

[2] The district court, in granting declaratory relief in favor of Great-West, stated:

Defendant Allstate Insurance Company's obligation to pay benefits to or on behalf of Matthew Gerig in connection with Mr. Gerig's injuries incurred in his February 26, 1996 automobile accident is primary to Plaintiff Great-West Life & Annuity Insurance Company's obligation to pay the same benefits.