ELAINE LAWTON vs. COMMONWEALTH GAS COMPANY.

Bristol. December 1, 1986. — June 8, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Divorce and Separation,* Health insurance. *Statute,* Retrospective statute.

General Laws c. 176A, § 8F, and c. 176B, § 6B, which provide for
continuity of health benefit coverage eligibility, in the event of divorce,
for the former spouse of a subscriber to a nonprofit medical or hospital
service organization, have no retroactive application to judgments of
divorce which became absolute before the effective date of the statutes.
[212-213]

CIVIL ACTION commenced in the Bristol Division of the
Probate and Family Court Department on May 31, 1985.

The case was heard by *Edwin Livingstone, Jr., J.,* on a
motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Thomas E. Bessette* for the defendant.

*Peter F. Staiti* for the plaintiff.

O'CONNOR, J. The complaint alleges that Commonwealth
Gas Company's employee, George Lawton,[1] and the plaintiff,
Elaine Lawton, were divorced by a judgment which became
absolute on January 5, 1985. A separation agreement, which
merged in the judgment, had provided that George Lawton
would maintain his current medical insurance plan for the ben-
efit of the plaintiff as long as she remained eligible. However,
the company notified the plaintiff that, in accordance with
company policy, the company would remove her from its Blue
Cross and Blue Shield health plan as of June 1, 1985. The
complaint prays for a declaration of the rights of the parties

[1] Originally a defendant.

and an injunction prohibiting the company from terminating the plaintiff's coverage. In the complaint, the plaintiff relies on G. L. c. 175, § 110I, as appearing in St. 1984, c. 414, § 3, which provides, in part, that, "[i]n the event of the granting of a judgment absolute of divorce . . . to which a member of a group hospital, surgical, medical, or dental insurance plan provided for in section one hundred and ten is a party, the person who was the spouse of said member prior to the issuance of such judgment shall be and remain eligible for benefits under said plan . . . as if said judgment had not been entered; provided, however, that such eligibility shall not be required if said judgment so provides. Such eligibility shall continue through the member's participation in the plan until the remarriage of either the member or such spouse, or until such time as provided by said judgment, whichever is earlier." In answer to the complaint, the company averred in pertinent part that it maintains a "cost plus" employee welfare benefits plan which is administered by Blue Cross and Blue Shield and therefore is not an insurance plan subject to State insurance laws, including c. 175, § 110I.

The plaintiff moved for summary judgment submitting an affidavit that substantially repeated the allegations in her complaint. The company also filed an affidavit asserting that the company "has in place a self-funded health insurance plan administered by Blue Cross & Blue Shield," which "is not governed in any manner by [G. L. c. 175] as it is not a plan by a commercial carrier as contemplated by [G. L. c. 175]." Attached to that affidavit was a copy of a Blue Cross and Blue Shield "Master Medical" certificate stating as follows: "*Blue Cross* and *Blue Shield* certify that you have the right to benefits for services according to the terms of your *contract*. This certificate is part of your *contract*. Your *Blue Cross* and *Blue Shield* Card or Number will identify you to a provider as a person who has the right to benefits set out in your *contract*. You should present it to the provider when you receive services so that we may properly administer your benefits." (Emphasis in original.) A judge of the Probate and Family Court Department declared that George Lawton "is obligated . . . to maintain

his current health insurance for the benefit of the Plaintiff," until one of the parties remarries or the judgment of divorce is modified. The judge also ordered the company to maintain its "medical insurance coverage" on the plaintiff. The company appealed. George Lawton did not. We transferred the case here on our own motion. We reverse, and, in accordance with the company's request on appeal, we order the entry of judgment declaring that the company is entitled to remove the plaintiff from its health benefits plan.

Consistent with its answer to the complaint and its affidavit filed in connection with the plaintiff's motion for summary judgment, the company's first position on appeal is that G. L. c. 175, § 110I, does not govern self-funded employee health benefits plans such as the plan it maintains. On appeal, the plaintiff appears no longer to rely on G. L. c. 175, § 110I. Accordingly, we need not address that matter. Instead, the plaintiff argues that, as a result of furnishing to its employees the Blue Cross and Blue Shield Master Medical certificate, a copy of which was attached to the company's affidavit, the company is estopped from denying that it provided Blue Cross and Blue Shield coverage to George and Elaine Lawton. The plaintiff then directs our attention to G. L. c. 176A, § 8F, inserted by St. 1984, c. 414, § 4, and G. L. c. 176B, § 6B, inserted by St. 1984, c. 414, § 5. General Laws c. 176A, § 8F, and G. L. c. 176B, § 6B, are replicas of G. L. c. 175, § 110I, except that they relate to nonprofit hospital service and nonprofit medical service organizations, such as Blue Cross and Blue Shield, respectively. Chapter 176A, § 8F, provides, in material part, that, "[i]n the event of the granting of a judgment absolute of divorce . . . to which a subscriber of a group nonprofit hospital service contract is a party, the person who was the spouse of said subscriber prior to the issuance of such judgment shall be and remain eligible for benefits under said contract . . . ." Chapter 176B, § 6B, provides, in material part: "(a) In the event of the granting of a judgment absolute of divorce . . . to which a subscriber of a group nonprofit medical service plan is a party, the person who was the spouse of said subscriber prior to the issuance of such judgment shall be and remain eligible for benefits under said plan . . . ."

The company argues that its health benefits plan is neither the plan of a nonprofit hospital service organization nor the plan of a nonprofit medical service organization, but rather it is a self-funded plan, merely administered by Blue Cross and Blue Shield, and therefore not governed by c. 176A, § 8F, or c. 176B, § 6B. In any event, the company argues, those sections, inserted by St. 1984, c. 414, §§ 4 and 5, do not affect this case because they did not take effect until March 27, 1985, nearly three months after January 5, 1985, the day on which the judgment of divorce became absolute, and they do not apply retroactively.

We need not resolve the estoppel issue raised by the plaintiff, nor do we need to consider the company's contention that its plan is not the kind of a plan addressed by c. 176A, § 8F, or c. 176B, § 6B. It is enough that we agree with the company's contention that c. 176A, § 8F, and c. 176B, § 6B, do not apply retroactively to the Lawtons' divorce. "The general rule of interpretation is that all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by necessary implication from their words, context or objects when considered in the light of the subject matter, the pre-existing state of the law and the effect upon existent rights, remedies and obligations. Doubtless all legislation commonly looks to the future, not to the past, and has no retroactive effect unless such effect manifestly is required by unequivocal terms. It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action." *Hanscom* v. *Malden & Melrose Gas Light Co.,* 220 Mass. 1, 3 (1914). See *Hay* v. *Cloutier,* 389 Mass. 248, 253 (1983); *Goodwin Bros. Leasing* v. *Nousis,* 373 Mass. 169, 173 (1977); *Hein-Werner Corp.* v. *Jackson Indus.,* 364 Mass. 523, 525 (1974). The rights bestowed on former spouses by c. 176A, § 8F, and c. 176B, § 6B, are substantive. Furthermore, nothing in the language of those statutes suggests retroactivity. Consequently, those statutes do not benefit the plaintiff. Accordingly, we reverse the judgment below, and order the

entry of a judgment declaring that the company may remove the plaintiff from its health benefits plan.[2]

*So ordered.*

---

[2] Of course, the parties are free to petition the Probate and Family Court for a modification of the judgment of divorce on the ground of a change of circumstances due to the holding herein.