Butler, J.
Plaintiffs, William and Gail Rice (Mr. and Ms. Rice), bring this action against Mr. Rice’s former employer, M/A-COM, Inc. (M/A-COM) alleging M/A-COM wrongfully terminated Mr. Rice’s employment.[2] Mr. Rice alleges the defendant discriminated against his handicap and age by terminating his employment in violation of G.L.c. 151B, §§4(16), 4(1B) (Counts I, II); violation of civil rights under G.L.c. 93, §103 (Count V); violation of public policy (Count VII); and negligent infliction of emotional distress (Count XIII).
Ms. Rice alleges a claim for loss of consortium (Count IX). M/A-COM now moves for summary judgment on all the remaining claims pursuant to Mass.R.Civ.P. 56.
BACKGROUND
The undisputed material facts are as follows:
M/A-COM hired Mr. Rice as a maintenance technician on March 11, 1981. In 1987, M/A-COM laid off Mr. Rice, but rehired him later that year. Subsequent to being rehired, Mr. Rice’s duties changed and he became in charge of the stockroom at M/A-COM. Mr. Rice’s new duties included ordering stock and maintaining materials within the stockroom. The stockroom position also required some lifting.
On February 20, 1989, at the age of 41, Mr. Rice had a heart attack. Three weeks later he suffered a second coronary. Edward Devlin (Devlin), age 44, replaced Mr. Rice in the M/A-COM stockroom. In April 1989, Mr. Rice began to receive disability benefits from M/A-COM’s insurer, UNUM Life Insurance Company (UNUM). In order for Mr. Rice to receive those benefits, UNUM required Mr. Rice’s treating physician, Dr. Gregory Martin (Martin), to periodically fill out Attending Physician’s Statement forms. From April 1989, through July 1991, Martin indicated on these forms that Mr. Rice’s condition rendered him “totally disabled.” Martin’s statements also indicated that Mr. Rice would be unable to engage in certain physical activities, including lifting items weighing in excess of ten pounds, kneeling, climbing stairs or crawling, and Mr. Rice’s condition required him to remain seated for a substantial amount of time during the work week.
On December 5, 1989, Martin wrote a letter to M/A-COM requesting Mr. Rice be allowed to return to work on a part-time basis.[3] The letter also stated that Mr. Rice should not lift anything weighing in excess of fifteen pounds. On December 8,1989, M/A-COM informed Mr. Rice that no positions were currently available. In February 1990, additional requests to reinstate Mr. Rice at M/A-COM were made by Mr. Rice’s attorney.
On February 20, 1990, Martin wrote a second letter, requesting M/A-COM allow Mr. Rice to return to work on a more intensive part-time schedule than Martin had previously suggested in the December 5, 1989 letter to M/A-COM.[4] 'Hie request again required that Mr. Rice not lift anything heavier than fifteen pounds. On February 21,1990, M/A-COM terminated Mr. Rice’s employment, asserting that company policy mandated termination of all employees who are unable to return to work within twelve months of a medical leave of absence.
In May 1990, Mr. Rice filed an action with the Massachusetts Commission Against Discrimination (MCAD), alleging handicap and age discrimination by M/A-COM. The MCAD determined that Mr. Rice’s charge lacked probable cause. Suit was thereafter filed in the Superior Court.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial" and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
Handicap Discrimination in violation of G.L.c. 151B, §4(16) (Count I).
Mr. Rice alleges M/A-COM terminated his employment because of his heart condition, in violation of G.L.c. 151B, §4(16). General Laws c. 151B, §4(16) states that “It shall be unlawful practice ... for an employer ... to dismiss from employment or refuse to hire, rehire or advance in employment or otherwise discriminating against, because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation . . .”
*192 The party claiming handicap discrimination under G.L.c. 151B, §4(16) must be able to establish the following: he is handicapped: he is a “qualified handicapped person”: and he is capable of performing the essential functions of his position with reasonable accommodation at the time the discrimination occurred. Id. The term “qualified handicapped person” means a person who is capable of performing the essential functions of a particular job, or who would be capable of performing the essential functions of the job with reasonable accommodation. Cox v. New England Telephone & Telegraph Co., 414 Mass. 374, 381 (1993).
Determining the essential functions of a job in an employment discrimination action requires an appropriate finding of facts. Id. at 383. Such a determination should be based upon more than statements of the job description and should reflect the actual functioning and circumstances of a particular enterprise involved. Id. at 382. When the essential functions of a job are disputed, credibility of witnesses may be determinative. Id. at 387. Weighing credibility is not a function of the court on a motion for summary judgment. Kelley v. Rossi, 395 Mass. 659, 663 (1985); Boston Seaman's Friend Soc'y, Inc. v. Rifkin Mgt. Inc., 19 Mass.App.Ct. 248, 249 (1985); Sheehy v. Lipton Indus. Inc., 24 Mass.App.Ct. 188, 194 (1987), rev. denied, 400 Mass. 1103 (1987).
The defendant grounds its motion for summary judgment of Count I on the premise that Mr. Rice was incapable of performing the essential functions required by his stockroom position, and thus, Mr. Rice would not be a “qualified handicap person” requiring reasonable accommodation. M/A-COM asserts that lifting items weighing more than fifteen pounds while working in the stockroom is an essential function of that position, and in February 1990, Mr. Rice was not capable of such a task. Mr. Rice refutes the defendant’s assertion with evidence that lifting that amount of weight is not an essential function of the stockroom position. Mr. Rice’s evidence includes his own deposition testimony and the description of the duties of the stockroom position by Mr. Rice’s supervisor, Jack Wilkey (Wilkey). Wilkey described Mr. Rice’s position as the “maintenance stockroom clerk,” and the position only required Mr. Rice to order, receive, and administer the stock.
The dispute arises as to whether lifting items over fifteen pounds is an essential function of the stockroom position. Viewing the evidence in a light most favorable to Mr. Rice, there still exists a genuine dispute of material fact as to the essential functions of the stockroom position. Mr. Rice’s status as a qualified handicap person hinges upon what duties constitute the essential functions of the M/A-COM stockroom position. For this court to determine what are the essential functions of the stockroom position would require an inquiry into the credibility of the parties’ evidence, which is not a proper function of the court upon a motion for summary judgment. Kelley, supra. Because there is still a dispute as to the essential functions of the stockroom job, hindering a determination of Mr. Rice’s status as a handicapped person, summary judgment for Count I is denied.
The defendant relies on August v. Offices Unlimited Inc., 981 F.2d 576 (1st Cir. 1982), in an attempt to demonstrate that no genuine dispute of material fact exists. The Court’s decision in August does not compel a different result here. In August, the First Circuit granted the defendant’s motion for summary judgment in a handicap discrimination action, after determining that the plaintiff was unable to return to work when his leave of absence ended on May 22, 1989, allowing the defendant to fire him. Id. at 582. The court considered the following evidence in reaching its decision: Plaintiffs insurance disability claim forms stated the plaintiff was “totally disabled”; the plaintiffs signature was on these forms; plaintiffs treating physician’s statements that the plaintiff was “totally disabled”; and an admission from the plaintiffs attorney that his client was incapable of returning to work after his leave of absence expired on May 22, 1989. Id. at 581-82. The court in August, relying on the aggregate of evidence, further stated that the plaintiff “points to nothing in the record from which a trier of fact might conclude that on May 22, 1989 [the plaintiff) was in fact able to work in some capacity.” Id. at 582.
Unlike the plaintiff in August, Mr. Rice has offered affirmative evidence he could return to work with some accommodation. This evidence consists of the letters from Martin requesting M/A-COM permit Mr. Rice to return to work part-time, and Wilkey’s description of the duties of the stockroom position. The evidence is sufficient for the court to find there is a genuine issue of disputed fact requiring summary judgment to be denied.
Age Discrimination in violation of G.L.c. 151B, §4(1B) (Count II).
Mr. Rice also alleges that M/A-COM fired him because of his age and replaced him with Devlin. A claim of age discrimination under G.L.c. 15 IB, §4(1B) requires that the plaintiff establish a prima facie case. In order to establish a prima facie case of age discrimination, resulting in termination of employment, the plaintiff must demonstrate that (1) he was over 40 years old (within the protected group) at the time of the alleged discrimination; (2) he was discharged; (3) he performed his job at a acceptable level; (4) and the employer sought a replacement with similar qualifications. White v. University of Massachusetts at Boston, 410 Mass. 553, 557 (1991); see Wheelock College v. Massachusetts Commission Against Discrimination, 371 Mass. 130, 135 (1976) (citing McDonnell Douglass Corp. v. Green, 411 U.S. 792, 802 (1973)). Once the plaintiff establishes a prima facie case, the defendant must articulate a legitimate reason for terminating the plaintiffs employment. Fontaine v. Ebtec Corp, 415 Mass. 309, 312 (1993). The plaintiff must then demonstrate the reason offered by the defendant was merely a pretext, masking the real reason, discriminatory intent. Id.
*193 To establish a pretext for age discrimination, the plaintiff must present evidence demonstrating that the reason offered by the defendant was not the actual reason for the discharge, and that but for his age, the plaintiff would not have been fired. Id. at 315-16 n.8. Age must be the determinative factor for dismissal. Id. Statistical evidence may establish discriminatory animus. See Connell v. Bank of Boston, 924 F.2d 1169, 1177 (1st Cir. 1991) (evidence demonstrated seventy-five percent of employees terminated were over the age of forty); Hebert v. Mohawk Rubber Co., 872 F.2d 1104, 1114-15 (1st Cir. 1989) (statistical evidence showed disproportionate number of terminations were within a protected class).
Assuming that Mr. Rice could establish a prima facie case, the court finds that M/A-COM has articulated a legitimate nondiscriminatory reason for firing Mr. Rice under the defendant’s twelve-month medical leave policy. The defendant only has to articulate a legitimate non-discriminatory reason for firing Mr. Rice, but the burden of persuasion is always on the plaintiff in discrimination cases. Loeb v. Textron, Inc., 600 F.2d 103, 111 (1st Cir. 1979). Mr. Rice, however, has offered no evidence that could be construed to demonstrate that the reason offered by the defendant is unbelievable or that “but for” his age, Mr. Rice would not have been terminated.
Moreover, Devlin’s affidavit demonstrates he is older than Mr. Rice and he has worked at M/A-COM longer. Mr. Rice has not refuted Devlin’s age. Although being replaced by someone older will not automatically destroy an age discrimination claim, it does suggest no discrimination based upon age. See Loeb, supra&t 1012-13, and n.9 (replacement by someone older would suggestno age discrimination but would not disprove it conclusively). Since Devlin is older than Mr. Rice, and no evidence has been offered to show that the defendant’s articulated reason for firing Mr. Rice was a pretext for discriminating against Mr. Rice’s age, defendant’s motion for summary judgment on Count II is allowed.
G.L.c. 93, §103 (CountV).
Mr. Rice alleges his termination from M/A-COM constituted aviolation of his equal rights under G.L.c. 93, §103.[5] M/A-COM argues that G.L.c. 93, §103 is not applicable to this dispute because G.L.c. 151B provides the plaintiff with an exclusive remedy for claims of discrimination on the job.
Although the Supreme Judicial Court has yet to decide whether G.L.c. 151B is a plaintiffs exclusive remedy for employment-related discrimination, the Massachusetts Court of Appeals and the federal district court have both concluded that G.L.c. 151B is the plaintiffs exclusive remedy when the plaintiff attempts to bring discrimination claims under both G.L.c. 151B and G.L.c. 12, §§11H and 111 (the State Civil Rights Act). See Sereni v. Star Sportswear Mfg. Corp., 24 Mass.App.Ct. 428, 431-32 rev. denied, 400 Mass. 1107 (1987); Mouradian v. General Elec. Co., 23 Mass.App.Ct. 538, 541-43 (1987), rev. denied, 400 Mass. 1107 (1987); Bergeson v. Franchi, 783 F.Supp. 713, 721 (D.Mass. 1992); Conway v. Boston Edison Co., 745 F.Supp. 773, 780 (D.Mass. 1990); Bester v. Roadway Express, Inc., 741 F.Supp. 321, 322-23 (D.Mass. 1990). In Napolitan v. New England Telephone Co., C.A. No. 91-12973-MA, slip op. at 2-3 (D.Mass. January 15, 1993) the federal court, relying on Mouradian and Serini, held that G.L.c. 151B was the exclusive remedy in an employment discrimination claim when a plaintiff attempts to bring claims under both G.L.c. 93, §103 and G.L.c. 151B. Other cases in the Superior Court have followed these rulings, excluding claims brought under G.L.c. 93, §§102, 103, when G.L.c. 151B is an available remedy. Titcomb v. Boston Safe Deposit & Trust Co. Inc. & The Boston Company, Inc., No. 92- 6585, slip op. at 8-10 (Suffolk Co., June 9, 1993) (Sosman, J.); Agin v. Federal White Cement, Inc., No. 91-1426 slip op. at 6-8 (Hampden Co., October 1992) (Sweeney, J.).[6]
Furthermore, Massachusetts enacted G.L.c. 93, §103 on August 2,1990, and the statute went into effect ninety days later. St. 1990 c. 156. General Laws c. 93, §103 deals with substantive rights, rather than remedies or procedure, and therefore it is not given retroactive effect in the absence of clear legislative intent. Lawton v. Commonwealth Gas Co., 400 Mass. 209, 212 (1987); see Butler v. RMS Technologies, Inc., 741 F.Supp. 1008, 1012-13 (D.Mass. 1990). There is no indication from the language of G.L.c. 93, §103 that the Legislature intended the statute to be retroactive. Since M/A-COM terminated Mr. Rice on February 20, 1990, this statute is inapplicable and summary judgment is allowed.
Termination of employment in violation of public policy (Count VII).
It is a general rule that “employment at will is terminable by either the employee or the employer without notice, for almost any reason or for no reason at all.” Wright v. Shriners Hospital for Crippled Children, 412 Mass. 469, 472 (1992) (quoting Jackson v. Action for Boston Community Dev., Inc., 403 Mass. 8, 9 (1988)). When termination of employment is contrary to a “well-defined public policy,” however, an exception to that general rule is warranted and an employee may obtain relief for wrongful discharge. Id. at 472.
Whether a well-defined public policy is present for purposes of creating an exception to the general rule of at-will employment is a question of law for the court to determine. Mello v. Stop & Shop, 402 Mass. 555, 561, n.7 (1988). “Redress is available for employees who are terminated for asserting a legally guaranteed right (e.g., filing worker’s compensation claim), for doing what the law requires (e.g., serving on a jury), or for refusing to do that which the law forbids (e.g., committing perjury).” Smith-Pfeffer v. Superintendent of Walter E. Fernald State Sch., 404 Mass. 145, 149-50 (1989). In Flesner v. Technical Communications Corp., 410 Mass. 805, 811 (1991), our Supreme Judicial Court held that redress was available for an employee who was discharged in retaliation for cooperating with a law enforce *194 ment investigation concerning his employer. Although cooperation was not required by law, a well-defined public policy was found where the Legislature had clearly expressed a policy encouraging cooperation with criminal investigations, as evidenced by statutes providing reimbursement for expenses of people assisting in investigations and immunity for witnesses testifying in grand jury investigations. Id. at 810.
In Wright the Supreme Judicial Court held that a claim of wrongful termination from employment in violation of public policy requires a statutory basis. Wright, supra at 474. Here, Mr. Rice asserts public policy should prohibit an employer from terminating an employee who was out of work on a medical leave of absence, exercising his right under an insurance policy, and the employee expected to be reinstated after recovery. Since there is no statute permitting such a basis for a public policy claim summary judgment is allowed.
Mr. Rice’s reliance on Richey v. American Automobile Association, Inc., 380 Mass. 835 (1980), is misplaced. In Richey, the court examined conduct that would amount to outrageousness for actions based on intentional infliction of emotional distress. Public policy is not addressed and Richey is not applicable to Mr. Rice’s claims.
Negligent infliction of emotional distress (Count XIII).
General Laws c. 152, §1(7A) of the Worker’s Compensation Act is the exclusive remedy for claims of intentional emotional distress that arise from an employment relationship between an employee plaintiff and an employer defendant. Anzalone v. Massachusetts Bay Transportation Authority, 403 Mass. 119, 124-25 (1988); Simmons v. Merchants Mutual Insurance Co., 394 Mass. 1007 (1985); Foley v. Polaroid Insurance Co., 381 Mass. 545, 548 (1980). The Worker’s Compensation Act does not address whether it is also the exclusive remedy for claims of negligent infliction of emotional distress that arise from an employment relationship. The Massachusetts Court of Appeals, however, offers guidance in Mullen v. Ludlow Hospital Society, 32 Mass.App.Ct. 968 (1992), rev. denied, 413 Mass. 1103 (1992), where the court stated that since the Worker’s Compensation Act excluded independent actions for intentional infliction of emotional disability arising out of an employment relationship, it would be “a paradox to eliminate [from the Worker’s Compensation Act claims arising from] non-intentional infliction of emotional harm arising” from the employment relationship. Id. at 970. Relying on Mullen, the Worker’s Compensation Act is the exclusive remedy for non-intentional emotional distress actions arising from Mr. Rice’s termination from M/A-COM and the defendant’s motion for summary judgment on Count XIII is allowed.
Loss of consortium (Count IX).
In Count IX, Ms. Rice seeks damages for loss of consortium. In Massachusetts, loss of consortium claims may be brought only when the claimant’s spouse has a valid tort claim. Tauriac v. Polaroid Corp., 716 F.Supp. 672, 673 (D.Mass. 1989); see Mouradian, 23 Mass.App.Ct. at 543-44 (dismissing consortium claim in employment discrimination case where spouse’s contract and tort claims did not survive). Because Mr. Rice’s claim for negligent infliction of emotional distress has not survived summary judgment, there is no independent tort claim on which Ms. Rice could base her consortium claim, and thus, the defendant is entitled to summary judgment as a matter of law.
ORDER
For the foregoing reasons, summary judgment is DENIED on Count I and is GRANTED on Counts II, V, VII, IX and XIII.

 The original complaint containing sixteen counts was filed in Superior Court against the defendants M/A COM and the Massachusetts Commission Against Discrimination. The case was removed by the defendant M/A COM to the United States District Court. The District Court allowed the MCAD’s motion to dismiss the claims against it (Counts 10, 11 and 12). The plaintiffs amended the complaint and withdrew Counts 3, 4 and 6. Thereafter, the District Court remanded the case to the Superior Court. After remand, the plaintiffs moved to dismiss with prejudice Counts 8, 15 and 16 and later moved to withdraw Count 14.

 The letter requested that Mr. Rice return to work two days per week for three weeks, and then three days per week for three weeks.

 The February 20, 1990 letter from Martin requested that Mr. Rice return to work for four hours a day, five days a week and Martin would examine Mr. Rice after two weeks.

 General Laws c. 93, §103 provides:
(a) Any person within the commonwealth regardless of handicap or age as defined in chapter one hundred and fifty-one B, shall, with reasonable accommodation, have the same rights as other persons to make and enforce contracts, inherit, purchase, lease, sell, hold and convey real and personal property, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, including, but not limited to, the rights secured under Article CXTV of the Amendments to the Constitution.
(b) Any person whose rights under the provisions of subsection (a) have been violated may commence a civil action for injunctive and other appropriate equitable relief, including, but not limited to, the award of compensatory and exemplary damages. Said civil action shall be instituted either in the superior court for the county in which the conduct complained of occurred, or in the superior court for the county in which the person whose conduct complained of resides or has his principal place of business.
(c) A violation of subsection (a) shall be established if, based upon the totality of circumstances, it is shown that any individual is denied any of the rights protected by subsection (a).
(d) An aggrieved person who prevails in an action authorized by subsection (b), in addition to other damages, shall be entitled to an award of the costs of the litigation and reasonable attorneys’ fees in an amount to be determined by the court.
G.L.c. 93, §103.

 On the other hand, some Superior Court cases have denied summary judgment in this situation. Cohen v. Safety Insurance Co., No. 91-4991-C (Suffolk Co. February 1993) (Cratsley, J.); Quirbach v. AGFA Corp., No. 91-5237 (Middlesex Co. April 23, 1992) (Izzo, J.); Jerram v. Houghton Mifflin Co., No. 90-2680 (Suffolk Co. November 2, 1990) (Graham, J.).