**Anna R. BERGIN and George Bergin, Plaintiffs,**

v.

**WAUSAU INSURANCE COMPANIES, Defendant.**

**Civ. A. No. 92–10832–WJS.**

United States District Court, D. Massachusetts.

July 18, 1994.

---

Anne L. Berger, Woburn, MA, for plaintiffs Anna R. Bergin, George Bergin.

Lee C. Rubin, Robert C. Macaulay, Jr., Ropes & Gray, Boston, MA, for defendant Wausau Ins. Cos.

### MEMORANDUM AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

SKINNER, Senior District Judge.

George Bergin is employed by the defendant. George and Anna Bergin, who were husband and wife until July 23, 1990, receive health care benefits through the defendant's self-funded employee medical benefits plan.[1]

---

1. The defendant's Summary Plan Description states that "MEDICAL BENEFITS are unfunded and paid for out of the company's current assets.

The plan is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.*, as amended by the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. §§ 1162 *et seq.* Pursuant to the plan and COBRA, a former spouse of an employee may elect to continue coverage for up to three years after the divorce by paying an additional premium of up to 102% of the usual premium. At the end of three years, the former spouse may opt to purchase health insurance from the defendant via a "conversion policy." *See* 29 U.S.C. § 1162.

The plaintiffs' divorce agreement requires the husband to maintain the wife's medical benefits under the plan. The plaintiffs elected COBRA coverage and began paying the additional premiums (over $2,040 in 1991 alone). Unhappy with this state of affairs, the plaintiffs filed suit in Massachusetts Probate and Family Court, seeking a declaratory judgment that Mass.Gen.L. c. 175, § 110I ("Divorced or separated spouses; continued health insurance coverage") requires the defendant to continue wife's medical benefits without additional premiums. Section 110I provides in part:

> (a) In the event of the granting of a judgment absolute of divorce ... to which a member of a group hospital, surgical, medical, or dental insurance plan provided for in section one hundred and ten is a party, the person who was the spouse of said member ... shall be and remain eligible for benefits under said plan ... without additional premium or examination therefor.... Such eligibility shall continue through the member's participation in the plan until the remarriage of either the member or such spouse, or until such time as provided by said judgment, whichever is earlier.

The suit was removed under the "complete preemption" doctrine. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–66, 107 S.Ct. 1542, 1546–48, 95 L.Ed.2d 55 (1987). The parties have filed cross motions for summary judgment.

■ At issue is whether § 110I as applied to the plan is preempted by ERISA. In general, ERISA preempts "any and all State laws insofar as they ... relate to any employee benefit plan...." 29 U.S.C. § 1144(a). The "saving clause" restores to the states the power to enforce state laws that "regulate[ ] insurance...." 29 U.S.C. § 1144(b)(2)(A). *See FMC Corp. v. Holliday,* 498 U.S. 52, 57–58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990). The "deemer clause" then limits the scope of this exception: "an employee benefit plan ... shall [not] be deemed to be an insurance company or other insurer ... or to be engaged in the business of insurance ... for purposes of any law of any State purporting to regulate insurance companies [or] insurance contracts...." 29 U.S.C. § 1144(b)(2)(B).

■ Assuming that § 110I requires a self-funded plan like the defendant's to provide continued benefits,[2] it clearly "relates to" an employee benefit plan. *See Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2388–89, 85 L.Ed.2d 728 (1985) (quoting *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)) (state law " 'relate[s] to' a benefit plan 'if it has a connection with or reference to such a plan' ").

---

Employee contributions are also used to pay for a portion of the coverage." Fabel Aff.Ex. 2 at 5.

2. For the purposes of these motions, I assume that § 110I in fact applies to self-funded employee benefit plans governed by ERISA. *But cf. Atty. Gen. v. Travelers Ins. Co.,* 385 Mass. 598, 433 N.E.2d 1223, 1225 (1982), *judgment vacated,* 463 U.S. 1221, 103 S.Ct. 3563, 77 L.Ed.2d 1405 (1983) (noting that the Attorney General of Massachusetts has not enforced c. 175, § 47B, a mandated-benefits provision, against uninsured ERISA plans; "all parties have assumed that direct enforcement against plans is preempted by ERISA"); *Metropolitan Life Ins. Co. v. Massachu-*

*setts,* 471 U.S. 724, 735 n. 14, 105 S.Ct. 2380, 2387 n. 14, 85 L.Ed.2d 728 (1985) ("[i]n light of ERISA's 'deemer clause' ... Massachusetts has never tried to enforce § 47B as applied to benefit plans directly, effectively conceding that such an application ... would be pre-empted by ERISA[]"). In *Lawton v. Commonwealth Gas Co.,* 400 Mass. 209, 508 N.E.2d 611, 612–13 (1987), the Supreme Judicial Court noted but did not address the defendant's argument that § 110I "does not govern self-funded employee health benefits plans" because such plans are not "insurance plan[s] subject to State insurance laws...."

■ By its plain language, § 110I "regulates insurance" within the meaning of the saving clause, for it requires "continued health insurance coverage" under "group ... insurance plan[s]." The state law "directly controls the terms of insurance contracts.... It does not merely have an impact on the insurance industry; it is aimed at it." *FMC Corp.*, 498 U.S. at 61, 111 S.Ct. at 409 (citations omitted). The defendant argues that § 110I as applied to its self-funded plan would not be "regulat[ing] insurance" under the saving clause. This argument anticipates the deemer clause and should be made in that context. *See FMC Corp.*, 498 U.S. at 61, 111 S.Ct. at 409 (Pennsylvania anti-subrogation law that applies to self-funded ERISA plans as well as insured plans falls within saving clause).

■ Section 110I is saved from preemption "[u]nless [it] is excluded from the reach of the saving clause by virtue of the deemer clause." *FMC Corp.*, 498 U.S. at 61, 111 S.Ct. at 409. That, however, is precisely what happens if § 110I is applied to the defendant's self-funded ERISA plan:

> We read the deemer clause to exempt self-funded ERISA plans from state laws that "regulat[e] insurance" within the meaning of the saving clause. By forbidding States to deem employee benefit plans 'to be an insurance company or other insurer ... or to be engaged in the business of insurance,' the deemer clause relieves plans from state laws 'purporting to regulate insurance'.... State laws directed toward the plan are preempted because they relate to an employee benefit plan but are

not 'saved' because they do not regulate insurance. *State laws that directly regulate insurance are 'saved' but do not reach self-funded employee benefit plans because the plans may not be deemed to be insurance companies, other insurers, or engaged in the business of insurance for the purposes of such state laws.*

*FMC Corp.*, 498 U.S. at 61, 111 S.Ct. at 409 (emphasis added). *See also Metropolitan Life Ins. Co.*, 471 U.S. at 747, 105 S.Ct. at 2393 (drawing "distinction between insured and uninsured plans, leaving the former open to indirect regulation while the latter are not").[3]

■ The plaintiffs argue that the defendant, an insurance company, stands on a different footing from other employers that provide self-funded employee benefit plans because it sells insurance policies that are "substantively [and] procedurally" identical to the plan. Pl.Opp. 5 (noting that claims for both insurance and plan benefits are paid out of the defendant's general assets). I cannot treat the defendant's relationship to its employees as a "policy relationship between the insurer and the insured," *Metropolitan Life Ins. Co.*, 471 U.S. at 743, 105 S.Ct. at 2391 (quoting *Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119, 129, 102 S.Ct. 3002, 3009, 73 L.Ed.2d 647 (1982)), merely because the defendant is an insurance company. The deemer clause focuses upon the nature of the "plan," not the identity of the employer that provides the plan. A self-funded plan that happens to be offered by an insurance company is not open to indirect regulation.[4]

**3.** From the categorical opinion in *FMC Corp.*, it may be inferred that the Supreme Court would disapprove of the nuanced analysis employed in *Northern Group Services v. Auto Owners Ins. Co.*, 833 F.2d 85, 95 (6th Cir.1987) (self-insured plans are subject to state insurance laws in the absence of some ERISA interest in uniformity that outweighs the state's McCarran–Ferguson interest in maintaining a regulatory scheme generally applicable to insured and uninsured ERISA plans as well as to insurers). In fact, the Court of Appeals for the Sixth Circuit has held that "the *FMC* decision effectively ... overruled *Northern Group Services* insofar as self-insured ERISA plans are concerned." *Auto Club Ins. v. Health and Welfare Plans*, 961 F.2d 588, 593 (6th Cir. 1992).

**4.** Although the defendant purchased "stop-loss" insurance to protect itself from claims of over $500,000 (in 1989–90) and $600,000 (in 1991), that fact alone does not convert its plan into an insured plan. *See Thompson v. Talquin Bldg. Prods. Co.*, 928 F.2d 649, 653 (4th Cir.1991) (collecting cases). *But see Northern Group Services v. Auto Owners Ins. Co.*, 833 F.2d 85, 91 (6th Cir.1987) (stop-loss coverage renders otherwise self-insured plan insured under ERISA). The defendant never tapped its stop-loss insurance because no single claim exceeded its retained obligation. *See United Food & Commercial Workers v. Pacyga*, 801 F.2d 1157, 1159 (9th Cir.1986). Under these circumstances, the plan must be deemed primarily self-funded.

## Conclusion

As applied to the defendant's self-funded employee benefit plan, Mass.Gen.L. c. 175, § 1101 is preempted by ERISA. The defendant's motion for summary judgment is allowed, and the plaintiff's cross motion for summary judgment is denied. Judgment for the defendant shall enter forthwith.