[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE APPLICATION FOR PREJUDGMENT REMEDY (#103)
The plaintiff corporation seeks a prejudgment remedy of attachment against its former employee, the defendant Steven Cordova, and Mr. Cordova's spouse, Nicole Cordova. The underlying action seeks recovery of payments totalling more than $30,000 which the plaintiff made for the benefit of the defendant-employee. The payments covered medical expenses Mr. Cordova incurred as a result of a serious auto accident. The plaintiff's group insurance plan, pursuant to which the medical expenses were paid, was organized and established in accordance with the Employee Retirement Income Security Act of 1974 (ERISA).
The defendants assert that the plaintiff is barred from recovery of the payments made pursuant to the plan. They rely on Sec. 52-225c and 52-225b of the Connecticut General Statutes in support of their position. These statutes read as follows:
 Unless otherwise provided by law, no insurer or any other person providing collateral source benefits as defined in section 52-225b shall be entitled to recover the amount of any such benefits from the defendant or any other person or entity as a result of any claim or action for damages for personal injury or wrongful death regardless of whether such claim or action is resolved by settlement or judgment. The provisions of this section shall apply to insurance contracts issued, reissued or renewed on or after October 1, CT Page 7490 1986. Sec. 52-225c, Conn. Gen. Stat.
 For the purposes of section 52-225a to 52-225c, inclusive: "Collateral sources" means any payments made to the claimant, or on his behalf, by or pursuant to: (1) Any health or sickness insurance, automobile accident insurance that provides health benefits, and any other similar insurance benefits, except life insurance benefits available to the claimant, whether purchased by him or provided by others; or (2) any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the costs of hospital, medical, dental or other health care services. "Collateral sources" do not include amounts received by a claimant as a settlement. Sec. 52-225b, Conn. Gen. Stat.
The plaintiff argues that because its plan is self-funded and established pursuant to ERISA, its reimbursement/subrogation rights are unaffected by Sec. 52-225c. Those rights are clearly set forth in Sec. 19.07 of the Plan Document.
The issue before this court is one of pre-emption, a subject addressed by the United States Supreme Court in FMC Corporationv. Holliday, 498 U.S. 52 (1990). There, the court in discussing pre-emption provisions of ERISA legislation noted that such legislation "establishes as an area of exclusive federal concern the subject of every state law that `relates to' an employee benefit plan governed by ERISA." p. 58. What the court decided is that "self-funded ERISA plans are exempt from state regulations insofar as that regulation `relates to' the plan. . . . On the other hand, [the court held], employee benefit plans that are insured are subject to indirect state insurance regulation." p. 61.
The FMC case concerned an entirely self-funded group plan. There is a distinction in the instant case in that the plaintiff purchased an excess policy from Safeco Insurance Company in order to limit its annual exposure. Some of the medical expenses, a relatively small amount, were in fact paid under Safeco's stop-loss policy.
It is axiomatic that issuance of a prejudgment remedy is not decided on the basis of a full scale trial on the merits.McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 525 (1991); Sec. 52-278d, Conn. Gen. Stat. "The court's role in such a CT Page 7491 hearing is to determine the probability of success by evaluating the arguments and evidence presented by both parties, and its ruling is not intended to be a final resolution on the merits." Id., 526. In other words the plaintiff is not required to establish its case by a fair preponderance of the evidence but need only show the probable validity of the claim. McCahill v.Town Country Associates, 185 Conn. 37, 39 (1981). There is no requirement that the plaintiff establish it will prevail at trial. Dow Condon, Inc. v. Anderson, 203 Conn. 475, 749 (1987).
While the above described factual distinction leaves open the possibility that state law applies in the instant case, the probability thereof, based on federal authority on which the plaintiff relies, suggests otherwise:
 "We have held previously that the purchase of stop-loss insurance does not convert a self-funded plan to an insured plan for preemption purposes. See Thompson v. Talquin Building Products Co., 928 F.2d 649, 653 (4th Cir. 1991)."
 Tri-State Mach. Inc. v. Nationwide Life Ins. Co., 33 F.3d 309, 315 (4th Cir. 1994).
In any event, the court is persuaded that such possibility should not preclude the remedy the plaintiff seeks, and, accordingly, its application is granted.
Gaffney, J.